IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VICTOR TACHTAUL, | § | |
|     PETITIONER, | § | |
| | § | |
| v. | § | Civil Action No. 4:05-CV-030-Y |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL INSTITUTIONS | § | |
| DIVISION, | § | |
|     RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Victor Tachtaul, TDCJ # 874826, is a state prisoner who was incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas, at the time of the filing of this petition. Tachtaul is no longer confined.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C.     PROCEDURAL HISTORY**

Tachtaul is serving two concurrent 10-year sentences for 1997 and 1999 felony DWI convictions in the Criminal District Court Number One in Tarrant County, Texas. (1State Habeas R. at 40, 45; 2State Habeas R. at 39.)[1]  Tachtaul filed the instant petition on January 13, 2005, in which he challenges TDCJ's denial of his release to mandatory supervision under § 508.147 of the Texas Government Code and requests an order directing Dretke to release him. (Petition at 7-8.) On April 11, 2005, Tachtaul was released to mandatory supervision. (April 28, 2005 phone call to TDCJ.)  He properly notified this court of his change of address.  *See* PACER, Criminal Docket for Civil Case No. 05-CV-030-Y, entry for April 13, 2005.

**D.     DISCUSSION**

Tachtaul's claim that he is entitled to release on mandatory supervision is now moot in that he has in fact been released on mandatory supervision.  Because this court can no longer provide him with the relief he seeks, dismissal of this petition is appropriate as moot. *See Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987); *McRae v. Hogan*, 576 F.2d 615, 616-17 (5th Cir. 1978).

**II.  RECOMMENDATION**

It is recommended Tachtaul's petition for writ of habeas corpus be dismissed as moot.

---

[1] "1State Habeas R." refers to the court record in Tachtaul's state habeas application no. 57,555-01; "2State Habeas R." refers the court record in his state habeas application no. 57,555-02.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 20, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 20, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 29, 2005.

    /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE